**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DISTRICT**

**MOORHEAD BROTHERS, INC.,**

                **Plaintiff,**         **Case No. 2:14-cv-01395**

      **v.**                      **JUDGE GREGORY L. FROST**
                                  **Magistrate Judge Terrence P. Kemp**

**PIPELINE ENERGY GROUP, INC.,**

                **Defendant.**

## OPINION AND ORDER

The matter is before the Court for consideration of Defendant's motion to dismiss or stay pending arbitration (ECF No. 8), Plaintiff's memorandum in opposition (ECF No. 10), and Defendant's reply memorandum (ECF No. 11).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

### I.    BACKGROUND

Plaintiff Moorhead Brothers, Inc. is a company that offers right of way clearing service and site development for oil and gas pipeline installation.  Defendant Pipeline Energy Group, Inc. is a company engaged in the business of pipeline construction.  The facts set forth below are taken from Plaintiff's Complaint and are assumed true for purposes of this Opinion and Order.

During the months of June, July and August of 2013, the parties discussed an arrangement in which Plaintiff would provide services to Defendant.  On June 29, 2013, Defendant presented Plaintiff with a "Contractor Subcontractor Agreement" (the "Proposal") obligating Plaintiff to provide certain "technical constructions services" in exchange for payment by Defendant.  (ECF No. 8-2, at PAGEID # 48.)   The Proposal contains a signature line for both parties.

The Proposal also contains the following arbitration clause:

> Any dispute arising under this Agreement will be subject to binding arbitration by a single Arbitrator with the American Arbitration Association (AAA), in accordance with its relevant industry rules, if any.  The parties agree that this Agreement will be governed by and construed and interpreted in accordance with the laws of the State of Tennessee.  The arbitration will be held in Nashville.  The Arbitrator will have the authority to grant injunctive relief and specific performance to enforce the terms of this Agreement.  Judgment on any award rendered by the Arbitrator may be entered in any Court of competent jurisdiction.

(*Id*. at PAGEID # 50.)

Plaintiff signed the Proposal and returned it to Defendant.  Plaintiff then began to perform the requested services.  The Complaint does not allege that Defendant took any steps to refuse the work or otherwise indicate to Plaintiff that the Proposal was not a contract.  Despite receiving invoices, daily work time sheets, and demands for payment, however, Defendant did not pay Plaintiff for its work.

Plaintiff filed the present lawsuit asserting the following claims for relief: (1) breach of express and implied contract; (2) promissory estoppel; and (3) unjust enrichment.  Plaintiff seeks payment for the services it rendered pursuant to the Proposal.

Defendant moved to dismiss or stay Plaintiff's claims pending arbitration.  In its motion, Defendant argues that Plaintiff's claims "are entirely for breach of contract, but the contract at issue contains an arbitration clause that requires any such claim to be arbitrated."  (ECF No. 8, at PAGEID # 34.)  Defendant attached the Proposal to its motion.

Plaintiff opposed the motion by pointing out that Defendant never signed the Proposal.  Therefore, according to Plaintiff, the Proposal is not a binding legal document and its arbitration clause does not apply.

The Court will address the parties' arguments below.

## II.     DISCUSSION

### A.  Extraneous Filing

As a preliminary matter, the Court addresses Plaintiff's "Memorandum in Response to [Defendant's] Reply to the Plaintiff's Memorandum Contra Defendant's Motion to Dismiss or Stay Pending Arbitration" ("Plaintiff's Reply")  (ECF No. 12.)  The Court's Local Rules do not authorize such a filing.  *See* S.D. Ohio L. Civ. R. 7.2(a)(2).  Pursuant to Local Rule 7.2(a)(2), "no additional memoranda [beyond a memorandum in opposition and a reply memorandum] are permitted except upon leave of court for good cause shown."

Plaintiff did not seek leave of court or explain why "good cause" exists to permit an additional filing in this case. Accordingly, the Court **STRIKES** Plaintiff's Reply. (ECF No. 12.)

### B.  Defendant's Motion

Defendant does not specify whether it brings its motion under Federal Rule of Civil Procedure 12(b)(6) or 12(b)(1).  Other courts, however, have found that Rule 12(b)(6) is the proper procedural mechanism through which to analyze Defendant's argument.  *See, e.g., Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 744 (W.D. Mich. 2008) (citing *Liveware Publ'g, Inc. v. Best Software, Inc.*, 252 F.Supp.2d 74, 78 (D. Del. 2003) and *Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44, 45 n. 1 (3d Cir. 1991)).

Dismissal pursuant to Rule 12(b)(6) is proper if the complaint fails to state a claim upon which a court can grant relief.  To survive a motion to dismiss, a complaint must provide fair notice of what the claim is and the grounds upon which it rests, and it must set forth sufficient factual allegations to support the inference that the plaintiff is entitled to relief under those claims.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a court analyzing a Rule 12(b)(6) motion may not consider materials outside the pleadings, it may consider "[a] copy of any written instrument which is an exhibit to a pleading," as well as "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in plaintiff's complaint and are central to the claim." *Weiner v. Klais & Co.* 108 F.3d 86, 88 (6th Cir. 1997).

Turning to the present case, it is undisputed that the Court may consider the Proposal in analyzing Defendant's motion to dismiss. The question is whether the Proposal's arbitration provision requires the Court to "forego the exercise of jurisdiction in deference to the parties' contractual agreement to address in another forum those disputes which fall within the scope of the agreement to arbitrate." *Moore*., 533 F. Supp. 2d at 744 (citing *Liveware Publ'g, Inc.*, 252 F.Supp. 2d at 78).

The Court begins its analysis by clarifying the scope of the issues before it. Although this case appears to raise the oft-litigated issue of whether an arbitration clause is enforceable, that issue is not before the Court. The issues in this case are much narrower.

Here, Plaintiff argues that the Proposal is not a contract because Defendant failed to sign it. Defendant does not directly refute that argument. Instead, Defendant sidesteps the issue and argues that, given Plaintiff's allegations and its argument that the Proposal is not a contract, Plaintiff cannot advance its claims. The Court therefore will address Defendant's arguments without opining as to whether the unsigned Proposal is a contract. That issue—as well as the issue of whether the parties agreed to arbitrate Plaintiff's claims—remains open.

Defendant offers two arguments as to why Plaintiff's claims should be dismissed. First, Defendant argues that Plaintiff's claims are inherently contradictory in that they rely on the

premise that the Proposal is a contract yet are before the Court on the premise that the Proposal is not a contract.

The Court will address this argument in two parts. With respect to Plaintiff's first claim for relief, the Court agrees that Plaintiff cannot advance its breach of express contract claim. The Proposal is the only express contract of which the complaint provides notice and, in order to maintain its claim in this forum, Plaintiff necessarily concedes that the Proposal is not a contract. That contradiction mandates dismissal of Plaintiff's claim. The Court therefore **GRANTS** Defendant's motion to dismiss the breach of express contract claim.

The issue with respect to Plaintiff's equitable claims is more complicated. Defendant argues that these claims are "based entirely" on the Proposal, such that, in order to adjudicate these claims, the Court must assume that the Proposal is a contract.

The Court finds this argument unpersuasive. Unlike Plaintiff's breach of contract claim, the equitable claims do not presuppose the existence of a valid contract. To the contrary, the equitable claims presuppose the lack of an enforceable contract. *See, e.g., Wuliger v. Mfrs. Life Ins. Co*., 567 F.3d 787, 799 (6th Cir. 2009) ("Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject." (quoting *Lehmkuhl v. ECR Corp*., No. 06 CA 039,2008 WL 5104747, at *5 (2008))); *Olympic Holding Co., L.L.C. v. Ace Ltd.*, 122 Ohio St. 3d 89, 909 N.E.2d 93, 2009-Ohio-2057, at ¶ 39 ("The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice." (quoting *Doe v. Univision Television Grp., Inc*., 717 So. 2d 63,65 (Fla. App. 1998)). The inherent contradiction mandating dismissal of the breach of contract claim therefore does not exist with respect to the equitable claims.

5

Moreover, Defendant's statement that Plaintiffs equitable claims are "based entirely" on the Proposal is incorrect.  As Defendant itself notes, the facts required to prove Plaintiff's equitable claims go beyond the scope of the Proposal and its terms.  *See* ECF No. 11, at 4 (discussing the elements of a promissory estoppel and an unjust enrichment claim).  The unjust enrichment claim best illustrates this point: if Plaintiff prevails on this claim, it can recover the "reasonable value" of the benefits conferred upon Defendant.  *Auto Chem. Labs., Inc. v. Turtle Wax, Inc.,* No. 3:07cv156, 2010 WL 3769209, at *8 (S.D. Ohio Sept. 24, 2010).  That value may or may not equal the amount Defendant would be obligated to pay if the Proposal is a contract.

Given those facts, the Court cannot conclude that the Proposal's arbitration provision should be enforced without concluding that the Proposal is a contract.  If there exists an inherent contradiction between Plaintiff's equitable claims and its argument that the Proposal is not a contract, Defendant fails to articulate that contradiction to the Court.

Defendant's second argument, raised in a footnote with minimal analysis, is that the doctrine of equitable estoppel bars Plaintiffs claims.  Defendant argues that Plaintiff should be estopped from relying on the terms of the Proposal while simultaneously avoiding the Proposal's arbitration clause.

At first blush, the cases Defendant cites appear to be directly on point.  *See* ECF No. 11, at 4 n.1 (citing *Geo Vantage of Ohio, LLC v. Geovantage, Inc.,* No. 2:05-CV-1145, 2006 WL 2583379, at *10 (S.D. Ohio Sept. 5, 2006) ("[E]quitable estoppel 'operates to prevent one party from holding another to the terms of the an [sic] agreement while simultaneously avoiding the same agreement's arbitration clause.' " (quoting *R.J Griffin & Co. v. Beach Club II Homeowners Ass'n,* 384 F.3d 157, 165 (4th Cir. 2004)))).  Those cases, however, are distinguishable from this case in one important respect.  In both *Geo Vantage* and *R.J Griffin & Co.*, there existed a valid

contract containing an arbitration provision.  *See Geo Vantage,* 2006 WL 2583379, at*10; *R.J. Griffin & Co.,* 384 F.3d at 159.  The issue was whether that provision applied to claims involving nonparties to the contract.  *See Geo Vantage,* 2006 WL 2583379, at *10; *R.J. Griffin & Co.,* 384 F.3d at 159.

The situation here is different.  Here, the issue of whether an agreement to arbitrate exists is unresolved.  Defendant's argument could, in theory, leave Plaintiff without a forum in which to present its claims.  Such a result is incompatible with the fairness concerns underlying the doctrine of equitable estoppel.  That is especially true given that the equities in this case (assuming Plaintiff's allegations are true) lie in Plaintiff's favor.

The Court therefore finds Defendant's arguments unpersuasive regarding Plaintiff's equitable claims. The Court notes that several issues remain unaddressed at this stage of the litigation that, once resolved, could compel this Court to decline jurisdiction in favor of arbitration.  But those issues are not properly before the Court.  Accordingly, having rejected Defendant's arguments with respect to the equitable claims, the Court **DENIES** Defendant's motion to dismiss the breach of implied contract, promissory estoppel, and unjust enrichment claims.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.  (ECF No. 8.)  Plaintiff's claims for breach of implied contract, promissory estoppel, and unjust enrichment remain pending before the Court.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost____**
**GREGORY L. FROST**
 **UNITED STATES DISTRICT JUDGE**