IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

**MOORHEAD BROTHERS, INC.,**

    **Plaintiff,**                                  Case No. 2:14-cv-01395
    v.                                              **JUDGE GREGORY L. FROST**
                                                  **Magistrate Judge Terrence P. Kemp**

**PIPELINE ENERGY GROUP, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to stay this matter pending appeal.  (ECF No. 20.)  The Court **GRANTS** the motion.

Before addressing the merits of Defendant's argument, however, the Court briefly clarifies the scope of its February 9, 2015 Opinion and Order denying Defendant's motion to compel arbitration. (ECF No. 15.)  As stated in that Opinion and Order, Plaintiff argued that the document containing the arbitration provision—on which Defendant relied in its motion—was not a contract because it was not signed.  Defendant did not argue that that document was a contract.  In fact, Defendant acknowledges in the present motion that it "did not take a position with respect to whether the parties had entered into an agreement."  (ECF No. 20, at 4.)  Because the issue of whether an agreement containing an arbitration provision existed remained open, the Court could not rely on that arbitration provision to dismiss this action.

Instead of arguing that the parties had reached an agreement to arbitrate, Defendant offered a different argument: that an inherent contradiction existed between Plaintiff's allegations (for breach of express contract, breach of implied contract, promissory estoppel, and unjust enrichment) and its argument that the document containing the arbitration provision was not a contract.  The Court agreed with that argument as applied to Plaintiff's breach of express contract claim.  The Court disagreed,

1

however, with that argument as applied to Plaintiff's equitable claims, which do not depend on an express contract and which can be pursued in the alternative to a breach of express contract claim.

The Court's conclusion in its February 9, 2105 Opinion and Order can be illustrated with the following scenario. Had Plaintiff brought only its equitable claims in this lawsuit, and Defendant moved to dismiss those claims on the basis of an agreement to arbitrate, the onus would be on Defendant to prove that such an agreement existed. The same is true in this case once Plaintiff's claim for breach of express contract is dismissed and only its equitable claims remain. But Defendant did not argue that an agreement to arbitrate existed, and in fact "did not take a position with respect to whether the parties had entered into an agreement." (ECF No. 20, at 4.) It is unclear to the Court how Defendant expected to proceed with this dispute in arbitration without taking a position as to whether the parties agreed to arbitrate this dispute, but that is the route Defendant chose.

Now, rather than argue that the parties reached an agreement to arbitrate, Defendant elected to appeal this Court's February 9, 2015 Opinion and Order. The Court agrees with Defendant that, once a party seeks an interlocutory appeal pursuant to 9 U.S.C. §16(a)(1), the district court action is automatically stayed pending a decision from the circuit court. *See, e.g., Levy v. Cain, Watters & Assocs.*, No. 2:09-cv-723, 2010 WL 2560395, at *2–3 (S.D. Ohio June 23, 2010) (acknowledging that the Sixth Circuit has not spoken to this issue but adopting the majority position). As such, the Court **GRANTS** Defendant's motion to stay this matter pending appeal. This matter is hereby **STAYED** pending action from the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

                                        /s/ Gregory L. Frost\_\_\_\_
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**